**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

      Plaintiff,

v.

Eric Klawitter,

      Defendant.

Case No. 19-mj-800 (TNL)

**ORDER**

---

Lindsey E. Middlecamp, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Douglas L. Micko, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

---

This matter comes before the Court on Defendant Eric Klawitter's Request for Sentencing In Abstentia and Waiver of Appearance, ECF No. 21, pursuant to Federal Rule of Criminal Procedure 43(b)(2). Defendant is scheduled to appear before the Court on May 21, 2020, for sentencing. ECF No. 20. Defendant requests to be sentenced *in abstentia* due to the COVID-19 pandemic as he is "in a high-risk category for severe COVID-19 symptoms." ECF No. 21. In prior e-mail correspondence with the Court, the Government has stated that it has no objection to Defendant's request.

Under Rule 43(b)(2), the Court may permit the "arraignment, plea, trial, and sentencing [of misdemeanor offenses punishable by fine or imprisonment for not more than one year, or both,] to occur by video teleconferencing or in the defendant's absence" with

1

the defendant's written consent.  Fed. R. Civ. P. 43(b)(2).

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, *available at* https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance. These General Orders acknowledge, among other things, that (1) a national emergency has been declared by the President of the United States of America in response to COVID-19; (2) a peacetime emergency has been declared by the Governor of the State of Minnesota in response to COVID-19; (3) a stay-at-home order has been implemented by the Governor of the State of Minnesota in response to COVID-19; and (4) local detention facilities have implemented several COVID-19 related restrictions.  *See, e.g.*, *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 12 (D. Minn. May 8, 2020) [hereinafter Gen. Order No. 12].

Despite best efforts to arrange for the sentencing to occur by video conferencing, the Court finds, consistent with General Order Nos. 5 and 9, that video conferencing is not reasonably available to Defendant.  Defendant does not have Internet access in his home, does not own a cellular phone able to support the video conference application, otherwise relies on public terminals at his local library to access the Internet, and depends upon public transportation.  ECF No. 21 at 3.

As stated above, Rule 43(b)(2) permits the sentencing to occur in Defendant's absence with his written consent.  After "hav[ing] discussed his case at great length" with counsel, including but not limited to "his sentencing maximum terms of imprisonment,

2

probation, fine, . . . the mandatory $25.00 special assessment," and his right to participate in the sentencing in person, Defendant has requested that the sentencing proceeding in his absence and given his written consent.[1] ECF No. 21 at 3-5.

Therefore, for the reasons addressed in the General Orders, the well-documented concerns regarding COVID-19, and Plaintiff's increased risk for severe COVID-19 symptoms, and pursuant to Fed. R. Crim. P. 43(b)(2), **IT IS HEREBY ORDERED** that Defendant's Request for Sentencing In Abstentia and Waiver of Appearance, ECF No. 21, is **GRANTED**.  **IT IS FURTHER ORDERED** that, subject to written consent by Defendant for other participants, including but not limited to counsel and Court personnel, to appear by video conferencing, the sentencing hearing may be conducted by video conference.

Date: May___14____, 2020

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Klawitter*
Case No. 19-mj-800 (TNL)

---

[1] Defendant's written consent was electronically signed pursuant to General Order No. 12.  Gen. Ord. No. 12 at 2 ("Any document in a criminal case that requires or requests the signature of the defendant may be signed electronically while this order is in effect.  If the defendant's electronic signature is impracticable to obtain, defense counsel or the presiding judge may sign on the defendant's behalf when the defendant, after an opportunity to consult with counsel, consents.").